*In the matter of John Stafford, an habitual drunkard.* J. Lansing, for petitioner. Order discharging committee, and directing him to restore to petitioners the full control and disposition of his property, and the vouchers and securities relating thereto, and directing the committee to account.

*In the matter of the petition of Hoffman and others, in the matter of John Stafford.* Collier & Elmendorf, for petitioner; J. L'Amoureux, for committee. Order directing Stafford to pay the amount of petitioners' claims within thirty days after his property is restored to him; or that they be at liberty to sue him at law.

Receiver in creditor's suit.

Effect of an irregularity in return of execution.

Docketting judgment in county clerk's office when unnecessary.

*George R. Clark* v. *Samuel D. Dakin et al.* O. L. Barbour, for motion; W. W. Mumford, defendant in person. Motion for appointment of a receiver in a creditor's suit. The defendant objected that the execution, which was issued to the county of Monroe, was returned to the clerk's office in Utica, instead of the clerk's office at Geneva. The chancellor inclined to the opinion that this was a mere matter of form, which even the supreme court would not notice upon an application to set aside the return for irregularity, and he decided that if the return was irregular, an application must be made to the supreme court to set it aside.

The defendant also objected that the judgment had not been docketted in the county where he resides. The chancellor decided that it is not necessary to docket a judgment of the supreme court, to enable the plaintiff to sell the defendant's interest in lands; the object of docketting being merely to obtain a lien upon the lands as against subsequent mortgagees or judgment creditors.

That the defendant cannot object that the plaintiff has not exhausted his remedy against lands which had been sold or pledged to others before the execution issued.

That a judgment recovered previous to the passage of the law requiring judgments in the supreme court to be docketted in the several counties, is a lien upon all the lands of the defendant in any of the counties of the State, without being docketted in each county. And that the revival of a judgment by *fieri facias* does not render a second docketting necessary as to the original debt and costs.